RECEIVED
IN LAKE CHARLES, LA.
AUG 17 2015
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NOS. 2:12 CR 00109-001 |
| | * | |
| VERSUS | * | JUDGE MINALDI |
| | | |
| EVIE BOWIE HERRIN | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is the defendant's Motion to Vacate, Set Aside or Correct (Rec. Doc. 51) her Sentence Pursuant to 28 U.S.C. §2255. The Government has filed an Opposition (Rec. Doc. 63). No Reply was filed.

## PROCEDURAL HISTORY

On June 27, 2103, pursuant to a written plea agreement, Evie Bowie Herrin ("Herrin"), pleaded guilty to count one of an indictment charging her with bank robbery in violation of 18 U.S.C. §2113(a) and (d) and to a bill of information charging her with conspiracy to commit bank robbery in violation of 18 U.S.C. §371. (Rec. Doc. 37). Cristie G. Gibbens of the Federal Public Defenders Office was appointed to represent her.

The defendant did not object to the presentence report prepared in her case, but she did file a sentencing memorandum. On October 24, 2013, the defendant was sentenced to 87 months imprisonment on count one of the indictment and 60 months on the bill of information. The sentences are to run concurrently, as well as with the sentence received in Mississippi. (Rec. Doc. 46).

Law

"'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[1]

Collateral review is fundamentally different from a direct appeal.[2] In this motion, Herrin argues ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[3] The burden that *Strickland* imposes on a defendant is severe.[4]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[5] Given the almost infinite variety of trial techniques

---

[1] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[2] *United States v. Frady*, 102 S.Ct. 1592-93 (1982).

[3] *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[4] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[5] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[6]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[7] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[8]

An ineffective assistance of counsel claim can be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Navejar*, 963 F.2d 733, 735 (5th Cir. 1992).

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n. 6 (5th Cir. 1998); *Murray v. Maggio*, 736 F.2d at 282.

Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against

---

[6] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[7] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[8] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of her attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Implied in the defendant's argument is that her guilty plea cannot be voluntary because she did not receive competent legal representation. She argues that her counsel "grossly misinformed"[9] her of the amount of time she could receive by pleading guilty. Herrin also alleges that her counsel did not investigate and perform "certain pretrial functions."[10]

To establish *Strickland* prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. *Lafler* at 1384 (citations omitted).

The Federal Rules and Supreme Court precedents give trial courts leeway to accept or reject plea agreements, see Fed. Rule Crim. Proc. 11(c)(3); *Boykin v. Alabama,* 395 U.S. 238, 243–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial

---

[9] Motion to Vacate, p. 2.

[10] *Id.*

withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors can be conducted within that framework. *Missouri v. Frye,* 132 S.Ct. 1399, 1408 -1410 (2012).

Herrin has not proven that Gibben's advice was deficient. Nor has she established that her plea was involuntary. The defendant received the benefit of credit for acceptance of responsibility by pleading guilty. If Herrin had proceeded to trial rather than pleading guilty, there is a reasonable probability that she would have faced a significantly harsher sentence.

Herrin argues that her counsel was ineffective for failing to investigate and file pretrial motions. In evaluating attorneys' judgments as to whether to pursue evidence, courts must consider "whether the known evidence would lead a reasonable attorney to investigate further."[11] We apply a "heavy measure of deference to [an attorney's] judgments" as to whether additional evidence may be adduced by further investigation.[12] "If the decision not to investigate beyond a certain point is reasonable, then the failure to do so cannot constitute ineffective assistance of counsel."[13] Herrin has failed to show what further investigation would have divulged (especially in light of her intention to enter a guilty plea) or why it would have been likely to make any difference in sentencing.[14] The filing of pretrial motions is a strategic decision which is viewed with "deference commensurate with the reasonableness of the professional judgment on which it is based." *Strickland v. Washington,* 466

---

[11]     *Wiggins v. Smith,* 539 U.S. 510, 527 (2003).

[12]     *Id.*

[13]     *Stenson v. Lambert,* 2007 WL 2782551, *14 (9th Cir., 2007).

[14]     *Anderson v. Collins,* 18 F.3d 1208, 1221 (5th Cir. 1994).

U.S. at 681. Herrin has provided this court with no reason to question the reasonableness of Gibben's pretrial strategy.

Herrin also argues that her counsel was ineffective for not filing a notice of appeal. In *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court held that the failure to file a requested notice of appeal ("NOA") is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Id.* at 483-86, 120 S.Ct. 1029. When an attorney fails to file a NOA when requested to do so, then, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78, 120 S.Ct. 1029. The Court indicated that it would be unfair to require a litigant to argue in a § 2255 proceeding that his appeal would have had merit. *Id.* at 486, 120 S.Ct. 1029.[15] In the case at bar, the affidavit offered by Gibbens and the document from her file demonstrating that she and the defendant had discussed appealing and the defendant had, in fact, instructed her *not* to do so is sufficient to overcome the allegation of ineffective assistance of counsel.

Herrin also alleges that the court erred by sentencing her to an enhanced sentence not shown in the indictment was required by *Alleyne v. United States,* 2013 WL 2922116 (June, 2013). *Alleyne* applies only to statutory mandatory minimum sentences and requires that the mandatory minimum sentence be submitted to a jury for a finding on that element. *Alleyne* is not retroactively applicable to cases on collateral review and does not apply to the sentencing guidelines. *In re Kemper,* 735 F.3d 211, 212 (5th Cir. 2013). Herrin's argument pursuant to *Alleyne* is procedurally barred.

---

[15] Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id.* at 484, 486, 120 S.Ct. 1029. *United States v. Tapp,* 491 F.3d 263, 265 (5th Cir. 2007)

Herrin must establish that the alleged deficient performance by her counsel prejudiced her defense.[16] She has not succeeded in making this showing.[17] Accordingly, for the reasons stated herein, the defendant's §2255 Motion will be denied.

Lake Charles, Louisiana, this 13 day of August, 2015.

                                              PATRICIA MINALDI
                                              UNITED STATES DISTRICT JUDGE

---

[16] *Mullins,* 315 F.3d at 456.

[17] *U.S. v. Araujo,* 77 Fed.Appx. 276, 278, 2003 WL 22316865, 1 (5th Cir., 2003).